E.O.D. 3/5/01

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| ADRIANA GARZA,<br>Individually and on Behalf of<br>All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TICKETMASTER L.L.C.,<br>TICKETMASTER GROUP,<br>INC., and TICKETMASTER ONLINE –<br>CITY SEARCH, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 501CV030 |

## ORDER OF PRELIMINARY APPROVAL

Before the Court is the Joint Motion for Preliminary Approval of Proposed Settlement and Approval of Notice to Class Members. The parties to the Settlement Agreement are Class Representative Adriana Garza, Class Counsel and Ticketmaster Corporation.

The Court has undertaken a preliminary determination as to whether the RELEASED CLAIMS of Class Members are appropriate for class-action treatment for settlement purposes under Fed.R.Civ.P. 23, and as to whether the proposed terms of settlement are fair, adequate, and reasonable. In connection with this preliminary determination, the Court has considered (a) the Settlement Agreement, (b) the Joint Motion for Preliminary Approval of Proposed Settlement and Approval of Notice to Class Members, (c) the statements of counsel, and (d) other matters presented for the Court's consideration.

The Court concludes that there is probable cause to believe that class-action treatment for purposes of the proposed settlement is appropriate; that the Settlement Agreement is fair,

1

adequate and reasonable; and that the Settlement Agreement falls within the range of possible final approval.

It is, therefore, ORDERED as follows:

1. The Settlement Agreement is before this Court for preliminary approval under Rule 23(e), Fed.R.Civ.P.

2. The Court preliminarily determines that the claims against TICKETMASTER, as defined in the Settlement Agreement, based on alleged credit surcharges concerning the Class Members, as set forth in the Settlement Agreement, are appropriate for settlement class certification under Rule 23.

3. The Court grants preliminary approval of the Settlement Agreement, including the Cy-Pres Award and Ticketmaster's Business Practices Regarding Cash Discounts.

4. The Court determines that the manner of giving notice of the Settlement Agreement to Class Members, as described in the Settlement Agreement, constitutes the best notice to Class Members that is practicable under the circumstances, in compliance with Fed.R.Civ.P. 23 and the requirements of due process.

5. The Court appoints Adriana Garza as Class Representative and Michael W. Shore and Joel M. Fineberg of SHORE FINEBERG, L.L.P.; Francisco J. Enriquez and Rolando Cantu of Enriquez & Cantu, L.L.P.; and Roger L. Mandel and Marc R. Stanley of Stanley, Mandel & Iola, L.L.P as Class Counsel.

6. The Court shall hold a Fairness Hearing on the 10th day of May, 2001, at 10:00 a.m. At that time, the Court shall finally determine (a) whether class certification for settlement purposes is appropriate; (b) whether the Settlement Agreement,

075199.0008 DALLAS 422548 v5

including the Exhibits thereto, should be approved as fair, adequate and reasonable; (c) whether the proposed form of Judgment should be entered; (d) whether the Cy-Pres Award should be approved and implemented; (e) whether TICKETMASTER's Business Practices Regarding Cash Discounts should be approved; (f) whether an application for legal fees and reimbursement of expenses by Class Counsel should be approved; (g) whether an application for payment of incentive award to the Class Representative should be approved; and (h) any other matters necessary to fully resolve the claims pending before this Court.

7. As set forth in the Notice, a Class Member may request exclusion ("opt out") in writing from any proceedings related to the Settlement Agreement and any Judgment that the Court may enter pursuant thereto. Any Class Member who opts out thereby elects not to receive any benefits under the Settlement Agreement. To be effective, a written Exclusion Request *must* be sent to the addresses specified in the Notice and received by Class Counsel and Counsel for TICKETMASTER no later than the 20th day of April, 2001.

8. A Class Member who does not opt out may submit an objection, if any to: (a) certification of the Class; (b) the terms of the Settlement Agreement and its exhibits thereto; (c) this Order or the form of Notice; (d) the proposed form of Judgment; (e) the application by Class Counsel for fees, costs and expenses; or (f) the application for payment of an incentive award to Class Representative. In order for such objection to be considered by the Court at the Fairness Hearing, the objection *must* include:

   a. A statement of each objection asserted;
   b. A detailed description of the facts underlying each objection;

3

    c. A detailed description of the legal authorities underlying each objection;

    d. A statement of whether the objector attends to appear and argue at the Fairness Hearing;

    e. A list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

    f. A list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all such exhibits.

In addition, the objections *must* be sent to each of the addresses specified in the Notice and received no later than the 20th day of April, 2001. The Court will not consider any objections that do not substantially comply with these requirements.

9. The Settling Parties may submit briefs and other papers in support of the Settlement Agreement on or before the 3rd day of May, 2001. The Settling Parties may submit applications for attorneys' fees, costs and expenses, and an incentive award for the Class Representative on or before the 3rd day of May, 2001.

10. If the Court does not enter final approval of the Settlement Agreement, or if any final approval of the Settlement Agreement is reversed or modified on appeal, or if the final Judgment contemplated by the Settlement Agreement is not entered, then any order entered to effectuate the Settlement Agreement shall be dissolved and this litigation shall be returned to the procedural posture that existed before the signing of this Order, without prejudice to the rights of any litigant.

SIGNED this __2ⁿᵈ__ day of ____March____, 2001.

*[signature]*
Honorable David J. Folsom
United States District Court Judge

075899 0008 DALLAS 422548 v5

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF TEXAS, TEXARKANA DIVISION

ADRIANA GARZA §
vs. § CA NO. 501CV030
TICKETMASTER L.L.C., et al., §

## IMPORTANT NOTICE

TO: **Class Members, defined as all persons in the United States who purchased tickets through Ticketmaster's outlets, Internet site or via telephone using a credit card, during the following time periods: For purchases made within the States of Texas, California and Florida from 12/14/95 through 03/01/01; within the State of Oklahoma from 12/14/94 through 03/01/01; within the States of Kansas and Colorado from 12/14/96 through 03/01/01; within the States of New York, Connecticut, Maine and Massachusetts from 12/14/93 through 03/01/01; and within any of the other States within the United States of America from 12/14/93 through 03/01/01.**

This Notice Contains Important Information That May Affect Your Rights. This is a summary of the claims and the proposed settlement and is not intended to be all-inclusive.

**Description of the Class Action and Court Proceedings.** This lawsuit, filed by the Class Representative, Adriana Garza, on behalf of herself and all the Class Members, claims among other things that the defendants Ticketmaster L.L.C. and certain affiliates (collectively "Ticketmaster"), violated certain laws by allegedly charging consumers purchasing tickets with credit cards at its Ticket Outlets a higher convenience charge than when tickets were purchased with cash. The Class Representative also alleged that the difference in price between the service charges paid to Ticketmaster for tickets purchased over the telephone system and internet using a credit card as opposed to tickets purchased at the Ticket Outlets using cash also was a violation of certain laws.

**Denial of Liability** Ticketmaster vigorously denies the allegations and has repeatedly asserted, and continues to assert, that it has fully complied with all laws and has merely offered a permissible cash discount which is encouraged by applicable law. The proposed settlement is a compromise of disputed claims and is not to be taken as an indication or admission of liability or that damages have been or would be found against defendants. The following is a summary only of the proposed settlement and is not intended to be all-inclusive. To the extent this Notice may conflict with the Settlement Agreement, the Settlement Agreement will control.

**The Proposed Settlement** Ticketmaster will make charitable donations on behalf of the Class Members by donating or causing its clients to donate tickets plus applicable charges with a total value of $6,000,000.00 to individuals or organizations over a six-year period. The ticket donation program will be subject to a credit of $200,000 annually to cover a portion of Ticketmaster's expenses of administering the program plus the costs of Class Counsel to monitor the program. In addition, Ticketmaster will clarify its business practices plan regarding cash discounts, and ask the Court to approve these business practices which are designed to provide additional notice to ticket buyers of the availability of the cash discount for certain applicable events.

In addition to the charitable donations, Ticketmaster shall pay for all costs and expense of giving notice of the settlement to the Class and, subject to Court approval, all attorneys' fees and expenses of Class Counsel, not to exceed $2,200,000. In addition, Ticketmaster Corporation shall, subject to Court approval, pay for a small incentive award to the Class Representative, not to exceed $5,000.

In exchange for the foregoing, Ticketmaster and its affiliates (including any retail outlets selling tickets for Ticketmaster) will be released by all Class Members from any and all claims and liabilities related to the allegations in this case or related to Ticketmaster's business practices and plan. If the settlement is approved by a final order of the Court, all Class Members who do not "opt out" of the settlement (by following the steps detailed below) will be bound by all orders and judgments of the Court affecting the Class, whether favorable or not.

The charitable donation has been agreed upon, rather than payments to each Class Member, primarily because there is no way to identify all the persons who used credit cards to purchase tickets from Ticketmaster during the relevant time period. Furthermore, the alleged damages for almost everyone are less than $5.00, barely exceeding the cost of sending a check. Under the circumstances, a large charitable donation seemed to be the best form of relief.

**Settlement Hearing** The Fairness Hearing on whether to approve the proposed settlement by final order will be held on the 10th day of May 2001, at 10:00 a.m. in the courtroom of the Honorable David J. Folsom, 3rd Floor, Federal Building, 500 N. State Line Ave., Texarkana, Texas 75501. All comments or objections regarding the proposed settlement must be in writing and include: (a) a statement of each objection asserted; (b) a detailed description of the facts underlying each objection; (c) a detailed description of the legal authorities underlying each objection; (d) a statement of whether the objector intends to appear and argue at the Fairness Hearing; (e) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; (f) and a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all such exhibits. This information must be received on or before the 20th day of April, 2001, by the District Clerk, United States District Court for the Eastern District of Texas, Texarkana Division, attention of Rhonda LaFitte, Federal Building, 500 N. State Line Ave., Texarkana, Texas 75501, and by Class Counsel, Joel M. Fineberg, Shore Fineberg, L.L.P., 4600 Greenville Avenue, Dallas, Texas 75206 and by defendants' counsel, William T. Hankinson and James M. Underwood, Akin, Gump, Strauss, Hauer & Feld, L.L.P., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201. The Court will not consider any objections that do not comply with these procedures and will not permit any appearance at the hearing by anyone who has not complied with these procedures.

**Procedure To Be Excluded From The Class** All Class Members will be bound by the settlement as finally approved unless they timely request exclusion from the Class. Any Class Member who requests exclusion will not be bound by the settlement and will retain whatever rights, if any, he or she may have against defendants, including the right to proceed individually against defendants at his or her own expense. If you want to request exclusion from the Class, you must do so in writing by timely mailing a written request for exclusion to Class Counsel and defendants' counsel at their addresses listed above. To be effective, such request must be received on or before the 20th day of April, 2001.

**Do not contact the Clerk's office or the Court for further information** The Original Class Action Complaint filed on January 23, 2001, and other papers filed in this action, may be reviewed during business hours at the offices of the District Clerk, United States District Court for the Eastern District of Texas, Texarkana Division, Federal Building, 500 N. State Line Ave., Texarkana, Texas 75501, or may be reviewed online for a fee at www.txed.uscourts.gov. Please do not call the Clerk or the Court, as they cannot

answer questions over the telephone or mail anything to you. To obtain a copy of the Settlement Agreement or to ask any questions, please contact Class Counsel in writing at the above-listed address or call toll free to 1-800-497-6444.

Dated: March 1, 2001.

By Order of the United States District
Court for the Eastern District of Texas