IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ADRIANA GARZA, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.501CV030 |
| TICKETMASTER L.L.C., TICKETMASTER GROUP, INC., and TICKETMASTER ONLINE – CITY SEARCH, INC., | § § § § § | |
| Defendants. | § § | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

Before the Court is the motion for final approval of the terms of the Settlement Agreement between Class Representative Adriana Garza, and Ticketmaster Corporation and for entry of final judgment on behalf of all of the parties to this cause. The following phrases shall be interpreted as follows herein:

"BUSINESS PRACTICES REGARDING CASH DISCOUNTS" means the modified and amended procedures of Ticketmaster (as defined below) for providing or offering cash discounts to consumers purchasing Tickets to its clients' events at its Remote Ticket Outlets against the total amount of its applicable convenience charges for certain tickets paid for utilizing cash rather than credit cards, as set forth in more detail in Exhibit A.

"CLASS COUNSEL" means Michael W. Shore and Joel M. Fineberg of SHORE FINEBERG, L.L.P.; Francisco J. Enriquez and Rolando Cantu of Enriquez & Cantu, L.L.P.; and Roger L. Mandel and Marc R. Stanley of Stanley, Mandel & Iola, L.L.P.

1

"CLASS MEMBERS" means, except for those persons who have opted out of the Class in a timely manner, all persons who purchased a Ticket from Ticketmaster, either at its Remote Ticket Outlets, over the Internet or via telephone, using a credit card as the method of payment, during the following periods of time:

1. As to those who purchased a Ticket(s) at a Point of Sale within the States of Texas, California and Florida—12/14/95 through March 1, 2001.

2. As to those who purchased a Ticket(s) at a Point of Sale within the State of Oklahoma—12/14/94 through March 1, 2001

3. As to those who purchased a Ticket(s) at a Point of Sale within the States of Kansas and Colorado—12/14/96 through March 1, 2001.

4. As to those who purchased a Ticket(s) at a Point of Sale within the States of New York, Connecticut, Maine and Massachusetts—12/14/93 through March 1, 2001.

5. As to those who purchased a Ticket(s) at a Point of Sale in any of the other States within the United States of America—5/1/98 through March 1, 2001.

"CLASS REPRESENTATIVE" means Adriana Garza.

"REMOTE TICKET OUTLET" means any retail ticket selling agency outlets (including but not limited to The May Department Stores Company) where Tickets for events are made available through the TM System and are offered for sale to the public, other than any facility's or Ticketmaster client's box office.

"RELEASED CLAIMS" means any and all actual or alleged, present or future, known or unknown rights by any or all Class Members to all legal or equitable remedies, at law or otherwise, including, but not limited to, any compensation, injunction, recovery, or any other remedy premised on any and all present or future theories of recovery of whatsoever nature against Ticketmaster, whether presently asserted or not, to the extent that any of the foregoing theories of recovery directly or indirectly arise from or are in connection with any alleged

075899.0008 DALLAS 422502 v5

difference in the price paid for Tickets or in the amounts of the Convenience Charges of Ticketmaster and/or its clients at any Point of Sale, based upon the method of payment. These claims include, but are not limited to, any alleged violations of TEX. FINANCE CODE § 339.001(a), CAL. CIVIL CODE § 1748.1(a), CONN. GEN. STAT. ANN. § 42-133ff, FLA. STAT. ANN. § 501.0117, KAN. STAT. ANN. 16a-2-403, MAINE REV. STAT. ANN. § 8-303, MINN. STAT. ANN. § 325G.051, MASS. GEN. LAWS ANN. § 28A(a)(2), NEW YORK ANN. GEN. BUS. LAW § 518, OK. STAT. ANN.§ 2-417, or any other similar state statutes of any another State of the United States of America including TILA as same may from time to time be amended. Further, "RELEASED CLAIMS" includes all claims for breach of contract as third party beneficiaries to the Merchant Services Bankcard Agreement, as well as all claims arising out of or related to Ticketmaster's Business Practices Regarding Cash Discounts. Such theories of recovery comprehensively include, but are not limited to, all causes of action, demands, liability, suits, and judgments, whether arising in equity or under common law or contract or any statute, regulation, or otherwise that have accrued or may ever accrue for any and all damages, multiple damages, penalties, or relief whether known or unknown. "RELEASED CLAIMS" do not include (1) the claims Tickets.com has asserted in Defendant Tickets.com's Answer, Affirmative Defenses and Counterclaims to the Second Amended Complaint (dated May 26, 2000) filed in the case of Ticketmaster Corporation, et al. vs. Tickets.com, Case No. 99-07654 pending in the United States District Court for the Central District of California, Los Angeles Division or (2) the claims asserted by plaintiffs in the multi-district Campos v. Ticketmaster class action, 95 MDL Docket No. 1033, pending in the United States District Court for the Eastern District of Missouri.

075899.0008 DALLAS 422502 v5

"TICKETMASTER" collectively refers to Southwest Ticketing, Inc., d/b/a Ticketron, Ticketmaster and Rainbow Ticketmaster; Ticketmaster L.L.C.; Ticketmaster Group, Inc.; Ticketmaster f/k/a Ticketmaster Online - City Search, Inc.; Ticketmaster Corporation; and The May Department Stores Company, as well as to any agents, employees, attorneys, officers, directors, partners, parents, subsidiaries or other affiliated companies, successors or assigns including, but not limited to, any Remote Ticket Outlet.

"TICKETMASTER CORPORATION" refers to Ticketmaster Corporation, an Illinois Corporation, which is a signatory to this Settlement Agreement, and its successors and assigns.

"TM SYSTEM" refers to the hardware, software, related procedures and personnel, and repair and maintenance services established and maintained by Ticketmaster and its affiliates for the purpose of selling, auditing and controlling the sale of Tickets for attractions including, but not limited to, at Remote Ticket Outlets and through telephone sales.

Class Representative and Ticketmaster Corporation (collectively the "Settling Parties") executed the Settlement Agreement on December 22, 2000. On March 2, 2001, this Court entered its Order of Preliminary Approval, which scheduled a Fairness Hearing to consider such matters as whether a class action should be certified and whether the proposed settlement should be approved as fair, adequate and reasonable.

The Order of Preliminary Approval directed the Settling Parties to give notice of the proposed settlement and the Fairness Hearing to Class Members. A sworn statement of Ticketmaster has been filed with the Court demonstrating that the Settling Parties have complied with this Court's directions with respect to the Notice. The Court finds that this notice constituted the best notice practicable under the circumstances. The Notice complied with due process and with Rule 23 of the Federal Rules of Civil Procedure.

4

The Fairness Hearing was held before the Court on the 10th day of May, 2001, at which time all interested persons were given an opportunity to be heard.

The Court concludes that settlement class certification is appropriate. The Court further concludes that the Settlement Agreement is fair, adequate and reasonable, and that it should be approved. It is, therefore,

ORDERED as follows:

1. This Court has original and supplemental jurisdiction to resolve by settlement and judgment all of the RELEASED CLAIMS.

2. The RELEASED CLAIMS satisfy each of the requirements of Rules 23(a) and 23(b)(3), Fed.R.Civ.P, as they pertain to settlement classes. Based on the materials before it, the Court finds as follows:

   a. <u>Numerosity</u>. The class, comprised of the CLASS MEMBERS, is so numerous that joinder of all members is impracticable.

   b. <u>Commonality</u>. There are questions of both law and fact that are common to the class.

   c. <u>Typicality</u>. The claims of the Class Representative are typical of the claims of the CLASS MEMBERS.

   d. <u>Adequacy of representation</u>. The Class Representative and her counsel have fairly and adequately protected the interests of the class.

   e. <u>Predominance of common issues</u>. The common questions of law and fact predominate over any questions affecting only individual members of the class.

075899.0008 DALLAS 422502 v5

f. <u>Superiority of class action procedure</u>. In the context of this settlement-only class certification, the class action procedure is appropriate and superior to other available methods for resolving this controversy in a fair and efficient manner.

3. The Court certifies a class action on behalf of the CLASS MEMBERS with respect to the RELEASED CLAIMS.

4. The Court notes that no CLASS MEMBERS have filed any request for exclusion from the settlement and, accordingly, there are no "Opt-Out Claimants."

5. The Court notes that William Chilvers has voluntarily withdrawn his Objection to the Settlement Agreement and the Objection is, therefore, denied as moot.

6. The CLASS MEMBERS are bound by this Judgment and by the terms of the underlying Settlement Agreement.

7. The Settlement Agreement, which is hereby incorporated by reference, is fair, adequate and reasonable. It is hereby fully approved in all respects, and the Settling Parties are hereby directed to consummate and perform its terms.

8. The Cy-Pres Award, referenced in the Settlement Agreement, is fair, adequate and reasonable. It is hereby fully approved in all respects, and the parties are directed to consummate and perform its terms.

9. The Court finds that TICKETMASTER's Business Practices Regarding Cash Discounts is legal under all applicable laws, which are referenced in Plaintiff's Original Complaint, that it does not involve any prohibited credit surcharge, that it instead constitutes a "discount" for using cash as that term is used in the federal Truth in Lending Act, 15 U.S.C. § 1602(p) and as it is also used in the Merchant

075899.0008 DALLAS 422502 v5

Services Bankcard Agreement between Ticketmaster Corporation and First Financial Bank and Chase Merchant Services L.L.C. dated May 1998. The Court further finds that TICKETMASTER is entitled to do business in accord with the Business Practices Regarding Cash Discounts without incurring future liability to any CLASS MEMBERS and without having violated (i) any of the state statutes referenced in Plaintiff's Complaint, or (ii) the Merchant Services Bankcard Agreement.

10. The approval of the Settlement Agreement and the entry of this Judgment (i) fully releases and discharges TICKETMASTER with respect to the RELEASED CLAIMS belonging to CLASS MEMBERS, (ii) releases TICKETMASTER from liability for conduct by TICKETMASTER with respect to RELEASED CLAIMS belonging to CLASS MEMBERS, and (iii) releases TICKETMASTER from liability to CLASS MEMBERS for all present and future claims arising out of or related to TICKETMASTER's Business Practices Regarding Cash Discounts. CLASS MEMBERS, and all other similarly situated consumers who purchase Tickets at a Point of Sale, are hereby enjoined from instituting or maintaining in the future any action for RELEASED CLAIMS, any action based on the conduct underlying the RELEASED CLAIMS or any action based on any conduct in connection with TICKETMASTER's Business Practices Regarding Cash Discounts. The Court shall retain exclusive jurisdiction over this litigation, over the parties' performance of their obligations undertaken in the Settlement Agreement including performance of the Cy-Pres Award, and over the

075899.0008 DALLAS 422502 v5

enforcement of the Settlement Agreement, and may use its equitable powers to enforce this Judgment and the Settlement Agreement.

11. The application of the Class Representative for an incentive award is hereby granted in the amount of $5,000.

12. The application of Class Counsel for reasonable fees and expenses is hereby granted. Class Counsel are hereby awarded $2,200,000, which sum will be paid out by Ticketmaster Corporation as set forth in the Settlement Agreement.

13. It is adjudged that Class Representative and each of the Class Members take nothing against TICKETMASTER by reason of this suit, and the RELEASED CLAIMS are dismissed with prejudice.

14. This Judgment extinguishes any liability of TICKETMASTER with respect to the RELEASED CLAIMS.

15. This Court shall retain continuing, exclusive jurisdiction over the Settlement Agreement, the Settling Parties and the Class Members. This continuing jurisdiction shall include jurisdiction to order injunctive relief for the purposes of enforcing, implementing, administering, construing and interpreting the Settlement Agreement.

16. The Class Representative, Class Members and TICKETMASTER are denied all relief not expressly granted by this Judgment.

17. The Court determines that there is no just reason for delaying the entry of a final judgment dismissing all claims raised herein with prejudice. The Court expressly directs the entry of this final judgment pursuant to Fed. R. Civ. P. 54(b).

075899.0008 DALLAS 422502 v5

SIGNED this 11th day of May, 2001.

[signature]

Honorable David J. Folsom
United States District Court Judge

075899.0008 DALLAS 422502 v5